199 So.2d 649

**Eugenia M. TUTTLE**

v.

**Horace M. DAVIS.**

**3 Div. 234.**

Supreme Court of Alabama

June 1, 1967.

John P. Kohn, Montgomery, for appellant.

George Dean, Jr., Montgomery, for appellee.

PER CURIAM.

The essential facts in this case are as follows: Mrs. Tuttle and Mr. Davis went into the antique business in Montgomery around 1960. Mr. Davis put up the money, amounting to some $8,000.00. Mrs. Tuttle put in $115.00. Mrs. Tuttle was to run the business and was to receive 50% of the profits and was to have the privilege of drawing $75.00 per week against these profits. Mr. Davis was to receive 50% of the profits.

The parties operated on this basis until the latter part of 1961. They never entered into a formal partnership agreement, but simply operated the business with the above understanding. In 1961 they had some disagreement and it was decided that the best way to work out their difference was for Mrs. Tuttle to buy Davis out. Mr. Rufus King, a Montgomery attorney, acted as mediator and his letter to Mr. Davis, dated September 5, 1961, expresses the arrangement between them:

> "I have discussed with Eugenia the proposals outlined in your letter, and she has concluded that the best of the solu-

tions set forth would be for her to purchase your interest in the business and carry on. As you know, the difficulty in this proposal is to arrive at some method of making this payment to you. In the course of our discussions, I believe I recall your indicating a willingness to lend financial assistance in helping Eugenia to realize her hopes, and the only way that we see this could work out would be for Eugenia to give you a note for $7,500, bearing interest at 6% and payable (with interest on the entire balance through date of each payment) as follows:

| "March 1, 1962 | $750 plus interest |
| "March 1, 1963 | $750 plus interest |
| "March 1, 1964 | $1000 plus interest |
| "March 1, 1965 | $5000 plus interest." |

This arrangement was consummated and Mrs. Tuttle signed a note for the $7,500 on September 14, 1961. She paid the first three installments as they became due. She did not pay the final installment of $5,000 and this suit resulted. It is a simple suit on the note. The defense was failure of consideration. The court entered judgment after trial in favor of Davis in the amount of $4,746.00. Appellant filed a motion for new trial which was denied. This appeal followed.

Appellant contends in brief that "our primary argument is the verdict failed to do justice." It seems to be the contention of the appellant that the facts indicate that these parties had a 50–50 partnership; that she already owned half of the partnership assets and that the $7,500 note was based on an inventory of $7,500 but she owned half of that inventory. In the first place, the facts do not support appellant's contention. It is not disputed that appellee put in $8,000 and that the agreement was to divide the profits 50–50.

Appellant says that "the consideration for the note had failed due to the partnership." The appellant argues that there was no consideration for the note she signed since there was a partnership. This argu-

ment falls of its own weight. We have read the record and have concluded that the trial court correctly rendered judgment for the appellee and that the consideration for the note sued upon was the appellee's interest in the partnership. It is clear that the partners agreed upon the value of that interest at the time the note was signed. There is no validity to the argument that the note fails for want of consideration.

Appellant has stated in brief at least three times that she does not wish to be "booby-trapped" by technicalities. It is not entirely clear to this court what she has in mind. She is precluded from recovery on the law, not technicalities. In exchange for her note of $7,500 appellant acquired appellee's interest in the partnership. It seems to be her argument that the only way the appellee could show consideration for the note was to disprove her assertions that there was a partnership. This line of reasoning would preclude a partner selling his interest in a partnership to his co-partner. Such is not the law.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.